# IN THE MATTER OF THE GUARDIANSHIP OF MAUD K. CROWELL, LATE A MINOR.

## No. 1461.

### APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. J. R. DESHA, JUDGE.

ARGUED APRIL 27, 1923.                    DECIDED APRIL 28, 1923.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

APPEAL AND ERROR—*enforcement of decree pending appeal—exemption of guardian from requirement of a bond.*

> The provisions of section 2510, R. L. 1915, do not exempt a guardian from the necessity of filing a bond to prevent the enforcement, pending appeal by him, of a decree of the judge of the division of domestic relations of the first judicial circuit settling the final accounts of the guardian and ordering him to pay forthwith to the ward the amount found to be due the ward.

OPINION OF THE COURT BY PETERS, C. J.

On December 1, 1922, the judge of the division of domestic relations of the first judicial circuit in the matter of the final accounts of the former guardian of the estate of Maud K. Crowell, while a minor, entered his decree wherein and whereby he adjudged that the "late guardian, or pretending guardian, of the said Maud K. Crowell, as such has funds in his hands payable and distributable to the said Maud K. Crowell in the sum of $1266.24" and ordered that the said former guardian "forthwith pay the said sum of $1266.24 to the said Maud K. Crowell." From this decree the former guardian appealed. Pending said appeal, the decree remaining unsatisfied, upon application of the ward the judge of the division of domestic relations on December 21, 1922, pursuant to the provisions of section 2510, R. L. 1915, for good cause thereto shown,

did enter his further decree wherein and whereby he did order "that execution may issue and other appropriate action be taken for the enforcement of said decree of December 1, 1922, unless" the former guardian "shall, on or before Tuesday, the 2nd day of January, 1923, deposit a bond in the within court and cause in the sum of Twenty-six Hundred Dollars ($2600.00) with such sureties as shall be approved by me, said bond to be conditioned for the prosecution of the appeal herein without delay and for the payment of the said sum of $1266.24, or such part thereof as may be affirmed against him in the appellate court."

From this decree of December 21 the former guardian also perfected an appeal to this court. The cause was submitted in this court both upon the merits and upon motion by appellee to dismiss the appeal, but due to our conclusion that the decree appealed from must in any event be affirmed we deem it unnecessary to consider the motion.

Appellant contends that his appeal from the decree of December 1, 1922, was taken in his official capacity as guardian and hence under the provisions of section 2510, R. L. 1915, he is exempted from depositing a bond to prevent the enforcement of such decree.

It is true that section 2510, R. L. 1915, exempts guardians acting in their official capacity from the requirement of depositing a bond to stay the enforcement of a decree pending appeal. But the appellant is here in his individual and not in his official capacity. The proceeding before the judge of the division of domestic relations for final accounting and distribution was one as between himself and his ward. The decree determined appellant's personal liability to his ward and the order directing him to pay the balance found due to his ward runs against him personally. It is not the case of a

judgment secured by a stranger against the ward from which the ward by her guardian perfects an appeal. The settlement of the accounts, the finding that there is money due from the guardian to the ward and the order that the guardian pay the amount so found to be due forthwith to the ward—these are matters as between the ward and the guardian and affect each personally. The decree appealed from is in favor of the ward and against the guardian. The ward is not the appellant. The guardian is the appellant and his ward is the appellee. Appellant is acting in his individual capacity and upon his own responsibility and for his own benefit and not for or on behalf of the ward, nor for her benefit nor for the benefit of her estate. Where accounts of a guardian have been settled and a balance of money is found to be in the hands of the guardian belonging to the ward and such balance is ordered distributed to the ward the decree is a personal one against the guardian and any appeal taken by him to review such decree is taken by him personally and individually and not in his official capacity as guardian.

The decree appealed from of December 21, 1922, is affirmed, with direction to the judge of the division of domestic relations of the first judicial circuit to enlarge the time within which the appellant may deposit the required bond.

*W. C. Achi,* Guardian (also on the brief), in person.

*H. R. Hewitt,* Deputy Attorney General (also on the brief), for the ward.